IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTOINE EVERTON BUTLER, | § | |
| #46206-177, | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-2441-L-BK |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
|      Defendants. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred

to the United States Magistrate Judge.  Plaintiff, a federal inmate, filed a *pro se* motion under

FED. R. CRIM. P. 41(g) seeking the return of property seized during his arrest.  Because the

underlying criminal case had already been concluded, the Court construed the motion as a new

civil action under 28 U.S.C. § 1331.  Doc. 3.  Subsequently, the Court granted Plaintiff's motion

to proceed *in forma pauperis*, but did not issue process pending preliminary screening of his

amended complaint and answers to the Court's questionnaire.  Doc. 6; Doc. 8; Doc. 11.  For the

reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

In his amended complaint, Plaintiff attempts to sue the United States of America and the

Dallas Police Department for deprivation of property without due process of law.  Doc. 6 at 3.

Specifically, he seeks the return of property ($16,800 in U.S. currency) seized by the Dallas

Police Department from the trunk of his car during his September 2012 arrest.  Doc. 6 at 4; Doc.

11 at 1.  Plaintiff asserts the property should be returned to him because his state charge was

dismissed and the property was not forfeited in connection with his 2014 federal conviction. Doc. 6 at 4; Doc. 11 at 3.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint should be summarily dismissed as frivolous.

Plaintiff's civil claim for the return of seized property under FED. R. CRIM. P. 41(g) lacks merit. Rule 41(g) presumes that the property sought to be returned is in the possession of the United States and that it is authorized to return the property. *See United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003) (relief under Rule 41(g) is appropriate only if the United States possesses the property); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (same).

Plaintiff, however, does not claim the $16,800.00 was ever in the possession of the federal government.  Doc. 6 at 4; Doc. 11 at 1-3.  Indeed, he concedes that the money was seized during his arrest by the Dallas Police Department and that the money is unrelated to his federal conviction -- felon in possession of a firearm -- in *United States v. Butler*, Case No. 3:13-CR-0081-L-1 (N.D. Tex. Apr. 8, 2014).  Doc. 11 at 3.  Thus, the Court must summarily dismiss his claim against the United States.  *See United States v. Obi,* 100 F. App'x 498, 499 (6th Cir. 2004) (affirming summary dismissal of motion for return of property where inmate "failed to carry his burden of showing real or constructive possession of the property by the federal government").

Plaintiff also names as a defendant the Dallas Police Department, claiming deprivation of his property without due process of law under 42 U.S.C. § 1983.  Doc. 6 at 3.  However, Plaintiff may not sue a servient political agency or department, such as the Dallas Police Department, unless such agency or department enjoys a separate and distinct legal existence.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-314 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").  Because Plaintiff seeks relief from an entity that is not subject to suit under section 1983, his claim against the Dallas Police Department is legally frivolous.

Even if Plaintiff had named a proper legal entity or individual, his section 1983 claim is time barred.  Plaintiff maintains the $16,800.00 was seized on September 28, 2012, when he was arrested by the Dallas Police Department.  Doc. 11 at 1.  So the deadline for filing suit was September 28, 2014.  However, April 15, 2015 is the earliest possible date on which Plaintiff's

original motion for return of seized property can be deemed filed.[1] Doc. 4 at 1. As of April 15, 2015, more than two years had elapsed since the events giving rise to Plaintiff's claim occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2015).[2]

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2015) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). His imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, Plaintiff's section 1983 claim fails to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

---

[1] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff signed the original motion for return of seized property on April 15, 2015. Doc. 4 at 1.

[2] The six-year statute of limitations applies only to a civil action for return of seized property under Rule 41(g). *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (citing 28 U.S.C. § 2401(a)).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to

dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) (while generally "a

*pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed,  . .

.  [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best

case.'").   Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting

leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be summarily

**DISMISSED** with prejudice as frivolous and for failure to state a claim.  *See* 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28

U.S.C. § 1915(g).[3]

SIGNED this November 18, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no
event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court of the United States that was
dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE